IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| KRISTAL CHEYANNE WALKER,<br><br>    Plaintiff,<br><br>    v.<br><br>MARK MELTON; ADAM BELL; APPLING COUNTY SHERIFF'S DEPARTMENT; STATE OF GEORGIA; and APPLING COUNTY JAIL,<br><br>    Defendants. | CIVIL ACTION NO.: 2:21-cv-91 |

**O R D E R**

    Plaintiff submitted a Complaint under 42 U.S.C. § 1983 and alleges Defendants violated his constitutional rights. Doc. 1. Plaintiff seeks to proceed *in forma pauperis*. After reviewing Plaintiff's Motion, it appears Plaintiff lacks sufficient resources to prepay the filing fee. Doc. 2. Accordingly, the Court **GRANTS** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*. The Court sets out the following instructions for the procession of this case that Plaintiff is advised to read closely.

    Plaintiff is hereby advised, under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321, **all** prisoners, even those who are allowed to proceed *in forma pauperis*, must pay the filing fee of $350.00 in full. 28 U.S.C. § 1915(b)(1). Plaintiff must also pay the full appellate court filing fee if She files a notice of appeal. Prisoner litigants allowed to proceed *in forma pauperis* must pay an initial partial filing fee of 20% of the greater of the average monthly deposits to, or average monthly balance in, the prisoner's account for the six-month period immediately preceding the filing of the complaint. Prison officials are then required to collect

the balance of the filing fee by deducting 20% of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). This payment shall be forwarded to the Clerk of Court "each time the amount in [Plaintiff's] account exceeds $10 until the full filing fees are paid." Id. The entire filing fee must be paid even if this suit is dismissed at the outset because it is frivolous, malicious, fails to state a claim, or seeks monetary damages against a defendant who is immune from such relief.

In addition to requiring payment of the full filing fee, the Act requires prisoners to exhaust all administrative remedies **before filing** a federal lawsuit that challenges "prison conditions" in a civil action. 42 U.S.C. § 1997e; see 18 U.S.C. § 3626(g)(2). All prisoner civil rights actions are subject to dismissal if the prisoner has not exhausted the available administrative remedies with respect to each claim asserted. Moreover, even if her Complaint is dismissed for failure to exhaust, Plaintiff will still be responsible for payment of the full filing fee.

The law also provides a prisoner cannot bring a new civil action or appeal a judgment in a civil action *in forma pauperis* if the prisoner has on three or more prior occasions, while incarcerated, brought a civil action or appeal in federal court that was dismissed because it was frivolous, malicious, or failed to state a claim upon which relief may be granted. The only exception to this "three strikes" rule is if the prisoner is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Because of these requirements in the law, the Court advises Plaintiff she may voluntarily dismiss the complaint pursuant to Federal Rule of Civil Procedure 41(a)(1) by filing a Notice of Dismissal at this time. Such a voluntary dismissal will not require Plaintiff to pay the filing fee or count as a dismissal which may later subject Plaintiff to the three-dismissal rule under

§ 1915(g). However, should Plaintiff choose to proceed with his case, Plaintiff **MUST** comply with the following instructions:

(1) Plaintiff must furnish the enclosed **Prisoner Trust Fund Account Statement** to the trust (financial) officer of each prison where she has been confined for the past six months. The trust officer will complete and sign the form and return the form and supporting documents to Plaintiff for submission to the Court. Two copies of the form are enclosed for this purpose.

(2) Plaintiff must sign and date the enclosed **Consent to Collection of Fees from Trust Account**. By signing this form, Plaintiff gives her consent to the collection of the entire filing fee from her prison account in installments, in accordance with the provisions of the Prison Litigation Reform Act.

(3) Plaintiff must return both the **Prisoner Trust Account Statement** and the **Consent to Collection of Fees from Trust Account** to the Clerk within 30 days of this Order.

Once Plaintiff has returned the required forms, the Court will review Plaintiff's complaint as required by 28 U.S.C. § 1915A to determine which, if any, claims are viable and which, if any, Defendants should be served with a copy of the Complaint.

<u>While this action is pending, Plaintiff **shall** immediately inform this Court in writing of any change of address. Failure to do so will result in dismissal of this case, without prejudice.</u>

**If Plaintiff fails to respond to this Order by November 5, 2021, the Court will dismiss Plaintiff's case without prejudice for failure to prosecute and follow this Court's Orders.**

**SO ORDERED**, this 6th day of October, 2021.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| KRISTAL CHEYANNE WALKER,<br><br>    Plaintiff,<br><br>v.<br><br>MARK MELTON; ADAM BELL; APPLING COUNTY SHERIFF'S DEPARTMENT; STATE OF GEORGIA; and APPLING COUNTY JAIL,<br><br>    Defendants. | CIVIL ACTION NO.: 2:21-cv-91 |

**PRISONER TRUST FUND ACCOUNT STATEMENT**

Under the Prison Litigation Reform Act, a prisoner seeking to bring a civil action without prepayment of fees must obtain from the appropriate prison official a certified copy of the prisoner's trust account statement for the six-month period immediately preceding the filing of the complaint. Plaintiff in this case has been instructed by the Court to furnish this form to the trust officer of each institution where she has been confined for the last six months.

Please complete this form, attach the supporting ledger sheets, and return these documents to the prisoner for mailing to the Court.

**DATE OF FILING COMPLAINT**:                                September 7, 2021

**AVERAGE MONTHLY DEPOSITS** during the
six months prior to filing of the complaint:                   _____

**AVERAGE MONTHLY BALANCE** during the
six months prior to filing of the complaint:                   _____

I certify the above information accurately states the deposits and balances in the Plaintiff's trust account for the period shown and the attached ledger sheets are true copies of the account records maintained by this institution.


_____             _____
Signature of Authorized Officer of Institution                Date


_____
Print or Type Name

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| KRISTAL CHEYANNE WALKER,<br><br>       Plaintiff,<br><br>v.<br><br>MARK MELTON; ADAM BELL; APPLING COUNTY SHERIFF'S DEPARTMENT; STATE OF GEORGIA; and APPLING COUNTY JAIL,<br><br>       Defendants. | CIVIL ACTION NO.: 2:21-cv-91 |

**PRISONER TRUST FUND ACCOUNT STATEMENT**

　　Under the Prison Litigation Reform Act, a prisoner seeking to bring a civil action without prepayment of fees must obtain from the appropriate prison official a certified copy of the prisoner's trust account statement for the six-month period immediately preceding the filing of the complaint. Plaintiff in this case has been instructed by the Court to furnish this form to the trust officer of each institution where she has been confined for the last six months.

　　Please complete this form, attach the supporting ledger sheets, and return these documents to the prisoner for mailing to the Court.

**DATE OF FILING COMPLAINT**:                                                                September 7, 2021

**AVERAGE MONTHLY DEPOSITS** during the
six months prior to filing of the complaint:                                             _____

**AVERAGE MONTHLY BALANCE** during the
six months prior to filing of the complaint:                                             _____

　　I certify the above information accurately states the deposits and balances in the Plaintiff's trust account for the period shown and the attached ledger sheets are true copies of the account records maintained by this institution.


_____                    _____
Signature of Authorized Officer of Institution                            Date


_____
Print or Type Name

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| KRISTAL CHEYANNE WALKER, | |
| Plaintiff, | CIVIL ACTION NO.: 2:21-cv-91 |
| v. | |
| MARK MELTON; ADAM BELL; APPLING COUNTY SHERIFF'S DEPARTMENT; STATE OF GEORGIA; and APPLING COUNTY JAIL, | |
| Defendants. | |

**CONSENT TO COLLECTION OF FEES FROM TRUST ACCOUNT**

As a condition to proceeding with this lawsuit, I hereby consent for the appropriate prison officials to withhold from my prison account and pay to the Court an initial partial filing fee equal to 20 percent of the greater of:

(a) the average monthly deposits to my account, or

(b) the average monthly balance in my account

for the six-month period immediately preceding the filing of my complaint. I understand I may not withdraw any monies from my account until this initial payment has been paid.

After the payment of any initial partial filing fee, I further consent for the appropriate prison officials to collect from my account on a continuing basis each month an amount equal to 20 percent of all deposits credited to my account during the preceding month. Each time the set aside amount reaches $10.00, the trust officer shall forward the payment to the Clerk's Office, United States District Court, until such time as the $350.00 filing fee is paid in full. In the event I file a Notice of Appeal, I also give my consent for the appropriate prison officials to similarly collect from my account the applicable appellate court filing fee.

By executing this document, I also authorize collection on a continuing basis of any additional costs which may be imposed by the Court.

Date: _____   Plaintiff's Signature: _____

Plaintiff's Prison No.: _____